-PS-O

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INA HILL,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION and ORDER**
06-CV-175S;
00-CR-199-4S

---

On March 21, 2006, Petitioner, who had previously been sentenced by this Court to a term of imprisonment of twelve months and one day, filed a Motion under 28 U.S.C. § 2255, seeking to have the manner or place in which she completes her sentence changed. (Docket No. 643). She specifically requested that, for family reasons, she be transferred to a Community Correction Center or released to home confinement within 180-days of her release date.

It was clear from the face of Petitioner's Motion that she was not challenging the imposition of her sentence but rather the manner in which it was to be executed. *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Accordingly, this Court issued a Decision and Order in which it: (1) determined that the Motion should be converted to or recharacterized as a Petition for habeas corpus relief under 28 U.S.C. § 2241; (2) advised Petitioner of its intention to so recharacterize her Motion pursuant to *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998); and (3) provided her an opportunity to withdraw the Motion instead of having it recharacterized. (Docket No. 646).

Further, this Court advised Petitioner that if she did not inform the Court of her intention to withdraw the Petition by May 5, 2006, it would recharacterize her Motion as a Petition for habeas corpus relief under 28 U.S.C. § 2241, and transfer it to an appropriate venue.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  Specifically, Petitioner's case would be transferred to the District of Connecticut, which is the District in which she is incarcerated and where her custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Sullivan v. United States*, No. 02-CV-4947 SJ, 2002 WL 32096584, at *2 (E.D.N.Y. Dec. 6, 2002) ("A § 2241 petition challenging the execution of a sentence . . . should be brought in the district court for the district where the prisoner is in custody."); *United States v. Jackson*, No. 90 Cr. 109, 1992 WL 276610 at *2 (S.D.N.Y. Oct. 1, 1992) ("An attack on the manner in which a sentence is executed by the Bureau of Prisons may be made only as a habeas petition pursuant to 28 U.S.C. § 2241, which must be filed in the district of confinement.").

On May 18, 2006, Petitioner filed an untimely Response, which she asked this Court to consider.  Petitioner explained that she did not receive the Court's Order until May 6, 2006.  In her Response, Petitioner requests that the Court not recharacterize her § 2255 Motion as a Petition under 28 U.S.C. § 2241.  Petitioner indicates that other inmates who filed petitions under § 2241 have received no response in time to move up their pre-release dates before release or have not been successful in having their pre-release dates moved up to any significant degree.  (Docket No. 663).  She also states that she has not

"exercised" her administrative remedies with the Bureau of Prisons because she believed her claims would be addressed on her § 2255 Motion. Essentially, she argues that her Motion should not be recharacterized because her chances of success on a § 2241 Petition are not very good, and because she wants the District Judge who imposed the sentence to rule on her Motion. These are certainly not reasons to consider this matter as one under § 2255, as opposed to one under § 2241 as it should be.

Petitioner's Response requests that if the Court does not "find favor" in the relief requested in her § 2255 Motion – home confinement or "electronic monitoring for the last 90 or 60 days of [her] sentence" (Docket No. 663) -- that her Motion be withdrawn.

Based on the foregoing, this Court will excuse the untimeliness of Petitioner's Response (Docket No. 663), and will dismiss Petitioner's Motion without prejudice consistent with her request. See Fed.R.Civ.P. 41(a)(1).

IT IS HEREBY ORDERED that the Petitioner's request to file her untimely Response (Docket No. 663) is granted and her Motion to Vacate filed under 28 U.S.C. § 2255 (Docket No. 643) is dismissed without prejudice.

SO ORDERED.

Dated:     June 9, 2006
           Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge